8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eusebio DIAZ-ROSAS, Defendant-Appellant.
 No. 92-30411.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 1, 1993.
Decided Oct. 1, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eusebio Diaz-Rosas was convicted of one count of possession with intent to distribute cocaine, and one count of conspiracy to possess with intent to distribute cocaine. He now appeals his conviction on the conspiracy charge, and his sentence of 108 months.
 
 
 3
 Appellant's first contention is that the district court erred in denying his motion to suppress the 2,999 grams of cocaine that were found concealed in an automobile in which the defendant was riding on November 5, 1991. The district court ruled that agents had probable cause to search the car, and, in the alternative, that the defendant had consented to the search.
 
 
 4
 We agree that probable cause existed for the search, and therefore need not reach the issue of consent. Seattle customs agent Ann Harkonnen had information from a reliable informant that co-defendant Guizar would be carrying drugs from Seattle to Portland in a dark Mercedes. Harkonnen put the car under surveillance in Seattle on November 4, 1991, and followed it along the route specified by the informant on November 5. Oregon agents acting on precise information provided by Agent Harkonnen stopped the car shortly after it crossed the Washington/Oregon border.
 
 
 5
 The information provided by the informant, corroborated in part by the agents who followed the Mercedes across the Oregon border, provides probable cause to justify a search of the car. See Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (probable cause exists "if there is a fair probability that contraband ... will be found in a particular place."); U.S. v. Arias, 923 F.2d 1387 (9th Cir.), cert. denied, 112 S.Ct. 130 (1991).
 
 
 6
 Appellant's next argument is that the district court should not have included the cocaine seized during the November 5 stop when computing his sentence. He relies on this court's decision in United States v. Brady, 928 F.2d 844 (9th Cir.1991). In Brady, the defendant had been acquitted of murder and convicted only of voluntary manslaughter and assault with a dangerous weapon after a jury trial. The district court nevertheless departed upward from the Sentencing Guidelines based on the court's finding that the defendant "had acted with premeditation in committing the crimes for which he was convicted." Id. at 848. In reversing, we held that a district court could not rely on facts that a jury had specifically rejected to depart from the Guidelines.
 
 
 7
 Appellant argues that Brady is controlling here, because his sentence was based in part upon a quantity of cocaine that he was acquitted of possessing. However, a defendant who is convicted of conspiracy to possess and distribute cocaine may properly be held accountable for any cocaine that is foreseeable to him, whether or not he actually possessed that cocaine. U.S.S.G. § 1B1.3; U.S. v. Conkins, 987 F.2d 564 (9th Cir.1993). In this case, the defendant was convicted of a conspiracy which included the November 5 incident as an overt act. There was, accordingly, no inconsistency between the jury's verdict and the district court's finding that the defendant should be held accountable for the cocaine seized on November 5.[1]
 
 
 8
 Appellant also contends that the district court should have imposed a higher standard of proof in determining the foreseeability of the cocaine seized on November 5. There is no reason to require proof beyond a preponderance of the evidence, however, because the district court's finding is fully consistent with all of the evidence presented in these proceedings and the jury's verdict.
 
 
 9
 Finally, appellant challenges the district court's two-level upward adjustment for his role in the offense. This adjustment was based on the testimony of two co-defendants who stated they worked for the appellant and were being paid by him. Appellant on appeal challenges their credibility, but there is no basis in the record to substitute our judgment for the decision of the district court on that issue. Therefore, the district court's characterization of appellant as a "supervisor" was not clearly erroneous. Cf. United States v. Peters, 962 F.2d 1410, 1415 (9th Cir.1992).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The district court made a specific finding as required by the Guidelines that the 2,999 grams seized in the November 5 incident were foreseeable to the defendant as part of the continuing conspiracy